**STATE of Utah, Plaintiff and Appellee,**

v.

**Cary W. HARTMANN, Defendant and Appellant.**

**No. 870462.**

Supreme Court of Utah.

Nov. 15, 1989.

Kevin P. Sullivan, Ogden, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

Defendant Cary Hartmann was convicted of two counts of aggravated sexual assault and one count of aggravated burglary, first degree felonies under Utah Code Ann. §§ 76–5–405 (Supp.1989) and 76–6–203 (Supp.1989). He was sentenced to concur-rent terms of fifteen years to life for each count of aggravated sexual assault and five years to life for aggravated burglary. Hartmann argues on appeal that the evidence at trial was insufficient to prove the aggravating elements of the alleged offenses. He asks this Court to reduce his convictions to rape, forcible sodomy, and burglary. We affirm the convictions.

In the early morning hours of May 16, 1986, C.B. fell asleep on her living room couch while watching a late-night movie on television. She was awakened by the sound of the television set being turned off. When C.B. opened her eyes, she saw a stranger standing across the living room. She lay awake, watching the intruder for a moment, and then called out, "Ben is that you? This isn't funny, you know." At that point, defendant ran toward C.B. and told her that he was not "Ben" and that he had a gun. He instructed C.B. "not to piss around" or make noise and warned her that if her children awoke and came down the hall, he would have to blow their heads off. Defendant then grabbed C.B. and forced her to engage in oral sodomy and sexual intercourse. Throughout the attack, defendant carried on a vulgar dialogue with C.B. If she resisted or tried to pull away from him, defendant repeated his threats to her children.

Hartmann contends on appeal that there was insufficient evidence to establish that he committed the crimes of aggravated sexual assault and aggravated burglary. In reviewing a claim of insufficient evidence, we view the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict. *State v. Verde*, 770 P.2d 116, 124 (Utah 1989). This Court will overturn a jury verdict "only when the evidence is so lacking and insubstantial that a reasonable person could not have reached that verdict beyond a reasonable doubt." *State v. Ireland*, 773 P.2d 1375, 1379 (Utah 1989) (quoting *State v. Isaacson*, 704 P.2d 555, 557 (Utah 1985)). Viewing the evidence in the light most favorable to the verdict, we conclude that sufficient evidence established the offenses of aggravated sexual

assault and aggravated burglary. It is undisputed that Hartmann committed the crimes of burglary,[1] rape,[2] and forcible sodomy.[3] In addition, we hold that each crime was compounded by the presence of an aggravating circumstance.

Aggravated sexual assault is defined in Utah Code Ann. § 76–5–405 (Supp.1989) as follows:

> (1) A person commits aggravated sexual assault if in the course of a rape or attempted rape, object rape or attempted object rape, forcible sodomy or attempted forcible sodomy, or forcible sexual abuse or attempted forcible sexual abuse the actor:
>
> (a) causes bodily injury to the victim;
>
> (b) uses or threatens the victim by use of a dangerous weapon as defined in section 76–1–601;
>
> (c) compels, or attempts to compel, the victim to submit to rape, object rape, forcible sodomy, or forcible sexual abuse, *by threat of* kidnapping, *death or serious bodily injury to be inflicted imminently on any person;* or
>
> (d) is aided or abetted by one or more persons.
>
> (2) Aggravated sexual assault is a first degree felony punishable by imprisonment in the state prison for a term which is a minimum mandatory term of 5, 10, or 15 years and which may be for life.

(Emphasis added.)

■ In the present case, Hartmann told C.B. that he had a gun and would use it to blow her children's heads off if they came down the hall during the attack. Hartmann admits that his threats compelled C.B. to submit to the sexual attack, but argues that verbal threats do not elevate the crimes of rape and forcible sodomy to aggravated sexual assault. We disagree.

■ A threat is defined as the expression of an intention to inflict injury on another. *Webster's Third New International Dictionary* (1976). Threats may be communicated by action or conduct as well as by words. *Stephens v. State*, 683 S.W.2d 23, 24 (Tex.Ct.App.1984), *affirmed,* 717 S.W.2d 338 (Tex.Crim.App.1986) (En Banc). When a verbal threat of "death, or serious bodily injury to be inflicted imminently on any person" is made during the course of a rape or forcible sodomy, the aggravated circumstance requirement of section 76–5–405(1)(c) is fully satisfied.

Also at issue in this case is the interpretation of the aggravated burglary statute, Utah Code Ann. § 76–6–203 (Supp.1989), which provides as follows:

> (1) A person is guilty of aggravated burglary if in attempting, committing, or fleeing from a burglary the actor or another participant in the crime:
>
> (a) causes bodily injury to any person who is not a participant in the crime;
>
> (b) uses or *threatens the immediate use of a dangerous weapon against any person who is not a participant in the crime;* or
>
> (c) possesses or attempts to use any explosive or dangerous weapon.
>
> (2) Aggravated burglary is a first degree felony.

---

**1.** Utah Code Ann. § 76–6–202 (1978) defines burglary as follows:

> (1) A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person.
>
> (2) Burglary is a felony of the third degree unless it was committed in a dwelling, in which event it is a felony of the second degree.

**2.** Utah Code Ann. § 76–5–402 (Supp.1989) defines rape as follows:

> (1) A person commits rape when the actor has sexual intercourse with another person, not the actor's spouse, without the victim's consent.

> (2) Rape is a felony of the first degree.

**3.** Utah Code Ann. § 76–5–403 (Supp.1989) defines sodomy as follows:

> (1) A person commits sodomy when the actor engages in any sexual act with a person who is 14 years of age or older involving the genitals of one person and mouth or anus of another person, regardless of the sex of either participant.
>
> (2) A person commits forcible sodomy when the actor commits sodomy upon another without the other's consent.
>
> (3) Sodomy is a class B misdemeanor. Forcible sodomy is a felony of the first degree.

(3) As used in this section, "dangerous weapon" has the same definition as under Section 26-1-601.

(Emphasis added.)

█ Hartmann argues on appeal that section 76–6–203(1)(b) requires more than a simple statement for the crime of burglary to be elevated to aggravated burglary. He maintains that a verbal threat made during the course of a burglary requires an accompanying gesture or show of ability to use a dangerous weapon. We do not agree with Hartmann's interpretation of the statute.

█ Section 76–6–203(1)(b) deals with two distinct concepts: use of a dangerous weapon and the threat to use a dangerous weapon. In adopting section 76–6–203(1)(b), the legislature intended to prohibit individuals from *using* or from *threatening to use* dangerous weapons during the course of burglaries. Use or display of a weapon is not required; threat of such use is sufficient.

The legislature's concern with threats to use dangerous weapons during burglaries is a legitimate one. Threats instill great fear in victims. Because there is often little or no opportunity for burglary victims to defend against threatened attacks, the threats are particularly terrifying whether or not the perpetrator actually possesses a weapon. Also, when dangerous weapons are used, the risk of violence, injury, and death may be greater.

█ In the present case, Hartmann threatened to shoot C.B.'s children if they came down the hall during the attack. Hartmann's threats implied that he had access to a dangerous weapon. Therefore, we conclude that Hartmann's verbal threat was conduct the legislature intended to prohibit in section 76–6–203(1)(b).

The convictions are affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.