34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael D. SEEL, Petitioner-Appellant,
v.
Fred VANDERVEUR, Respondent-Appellee.
 No. 93-4219.
 United States Court of Appeals, Tenth Circuit.
 Aug. 23, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant Michael D. Seel appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Because the petition contained unexhausted claims, we vacate the judgment and remand the case with directions to dismiss Mr. Seel's petition without prejudice.
 
 
 4
 Mr. Seel was convicted of four counts of aggravated burglary, four counts of theft, and one count of possession of a firearm by a restricted person. His convictions were affirmed by the Utah Court of Appeals, State v. Seel, 827 P.2d 954 (Utah App.1992), and certiorari review was denied by the Utah Supreme Court, State v. Seel, 836 P.2d 1383 (Utah 1992).
 
 
 5
 Mr. Seel filed a petition for a writ of habeas corpus in the United States District Court for the District of Utah. The case was referred to a magistrate judge for an initial report and recommendation. The magistrate judge first noted that the petition contained claims that had not been raised in Mr. Seel's direct appeal and that post-conviction relief remained available in the Utah state courts. He then analyzed the petition on its merits. The magistrate judge recommended that the petition be dismissed both on the ground that Mr. Seel failed to exhaust his state remedies and on the merits of the petition itself.
 
 
 6
 After de novo review, the district court determined that the petition should be denied both because it contained unexhausted claims and because Mr. Seel's claims were without merit. This appeal followed.
 
 
 7
 Pursuant to 28 U.S.C. 2254(b), an application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." An applicant will not be deemed to have exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 2254(c).
 
 
 8
 The United States Supreme Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to his constitutional claims. Coleman v. Thompson, 111 S.Ct. 2546, 2554-55 (1991). This is true even when the petition presents both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982)("[W]e hold that a district court must dismiss ... 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").
 
 
 9
 Here, Mr. Seel's petition contained the following claims that were not raised in his direct appeal: whether he was denied due process by the trial court's failure to acquit him after finding no evidence of "entry" by either defendant; whether the prosecution knowingly presented perjured testimony; whether Mr. Seel's attorney was ineffective by not moving to suppress his prior criminal record, by being unprepared, and by not interviewing alibi witnesses; whether police violated the Fourth Amendment by searching Mr. Seel's vehicle before the warrant issued; and whether Mr. Seel was denied due process and equal protection when the court failed to apply State v. Hartmann, 783 P.2d 544 (Utah 1989), to his case. Further, the issue regarding the reading of the habitual criminal count was abandoned before the Utah Court of Appeals, see Seel, 827 P.2d at 957 n. 1, and the trial court's failure to grant a continuance was presented only as a Sixth Amendment effectiveness of counsel claim, not as a possible violation of due process.
 
 
 10
 As noted by the magistrate judge, there are procedures available for raising these issues before the Utah courts. Post-conviction review may be had through Rule 65B of the Utah Rules of Civil Procedure and Rule 20 of the Utah Rules of Appellate Procedure. Therefore, Mr. Seel has not exhausted his state remedies and, pursuant to Rose v. Lundy, his petition should have been dismissed.
 
 
 11
 This court has recognized a limited exception to the exhaustion rule, permitting examination of unexhausted claims on the merits if "they fail ... to raise even a colorable federal claim, and the interests of justice would be better served by addressing the merits of the habeas petition." Miranda v. Cooper, 967 F.2d 392, 400 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992). Here, although most of his unexhausted claims appear to be meritless, Mr. Seel has raised two claims which may be colorable.
 
 
 12
 First, the unexhausted ineffective assistance claims may be colorable if considered together with the claims of attorney ineffectiveness raised previously. The Utah Court of Appeals has identified one instance in which the performance of Mr. Seel's attorney was "deficient," but concluded that there was no prejudice given the overwhelming evidence in the case. When making this determination, however, the Utah court had not been presented with the issues of whether the attorney was unprepared or whether his failure to interview the alleged alibi witnesses was deficient.
 
 
 13
 Second, no court has examined whether the trial court's failure to grant a continuance comported with due process in this case. Because these claims are colorable, and because denial of the petition impairs Mr. Seel's ability to seek relief in the future, the petition should have been dismissed to permit Mr. Seel to exhaust his claims.[2]
 
 
 14
 The judgment of the United States District Court for the District of Utah is VACATED, and the case is REMANDED with directions to dismiss the petition without prejudice. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We could not affirm the judgment in any event because there is no indication that the underlying state court record was ever before the federal court