2013 UT App 249

# THE UTAH COURT OF APPEALS

SALT LAKE CITY,
Plaintiff and Appellee,
*v.*
TIMOTHY MICHAEL MALOCH,
Defendant and Appellant.

Memorandum Decision
No. 20120654-CA
Filed October 18, 2013

Third District Court, Salt Lake Department
The Honorable Elizabeth A. Hruby-Mills
No. 121902681

Richard G. Sorenson, Attorney for Appellant
Padma Veeru-Collings and Steven L. Newton,
Attorneys for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum
Decision, in which JUDGE STEPHEN L. ROTH and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

DAVIS, Judge:

¶1      Timothy Michael Maloch appeals from his conviction under
Utah Code section 76-10-507, which states, "Every person having
upon his person any dangerous weapon with intent to unlawfully
assault another is guilty of a class A misdemeanor," Utah Code
Ann. § 76-10-507 (LexisNexis 2012). "Assault" in this context
includes "a threat, accompanied by a show of immediate force

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah Code Jud.
Admin. R. 11-201(6).

or violence, to do bodily injury to another." *Id*. § 76-5-102(1)(b). Maloch argues that Salt Lake City did not present sufficient evidence during the bench trial to show that he had the intent to commit an assault.[2] We affirm.

¶2     "When reviewing a bench trial for sufficiency of the evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if [we] otherwise reach[] a definite and firm conviction that a mistake has been made." *State v. Gordon*, 2004 UT 2, ¶ 5, 84 P.3d 1167 (alterations in original) (citation and internal quotation marks omitted). In other words, "we will only reverse if the trial court's findings were clearly erroneous." *State v. Briggs*, 2008 UT 75, ¶ 10, 197 P.3d 628.

¶3     Maloch first argues that the convenience store clerk (Clerk), whom he was convicted of assaulting with a knife, was not a reliable witness. Specifically, Maloch bases his argument on inconsistencies between Clerk's preliminary hearing testimony, her trial testimony, and her description to the responding police officers as to what color and type of pants Maloch was wearing, what kind of candy bar he stole, and whether she saw the candy bar sticking out of his pants pocket or just heard the crinkle of the wrapper. These inconsistencies are substantively irrelevant to the crime charged, and "[t]he mere existence of inconsistencies is not a sufficient basis to question credibility determinations," *State v. Davie*, 2011 UT App 380, ¶ 20, 264 P.3d 770 (mem.). In any event, not only was the trial court apprised of these inconsistencies and

---

2. The City argues that Maloch failed to satisfy his marshaling burden and requests that we affirm on that ground. *See generally Chen v. Stewart*, 2004 UT 82, ¶ 19, 100 P.3d 1177 (explaining an appellant's marshaling burden). "There is considerable appeal to this invitation," however, "[i]n this instance, . . . we decline to affirm the trial court on those grounds" and instead "take up the merits of [Maloch's] sufficiency claim." *See Glew v. Ohio Sav. Bank*, 2007 UT 56, ¶ 21 n.4, 181 P.3d 791.

the explanations behind them, but it was also in a better position to assess the credibility of the witnesses than is this court, *see id.* ¶ 18. Accordingly, we defer to the credibility the court necessarily attributed to Clerk for it to have reached the decision it did.[3] *See id.*

¶4  Next, Maloch contends that his actions did not amount to a "show of immediate force or violence," *see* Utah Code Ann. § 76-5-102(1)(b), because he displayed the knife when he was ten to fifteen feet away from Clerk and "retreating from the situation," and because "[h]e never threatened to use the knife, never made any demands, never made any movement toward [Clerk], . . . and never even pointed the knife at [her] or in her direction." We disagree. Although Maloch's "proximity [to Clerk] has some relevance in determining the immediacy of the threat," *see State v. Brown*, 853 P.2d 851, 860 (Utah 1992), the surrounding circumstances support the trial court's finding that Maloch intended to threaten Clerk with "bodily injury" "by a show of immediate force or violence," *see* Utah Code Ann. § 76-5-102(1)(b), when he removed the knife from his pocket, flipped out its blade, and called Clerk a "fucking bitch" as she followed him out of the store to retrieve the candy bar that she accused him of stealing. *Cf. Brown*, 853 P.2d at 860 (considering the defendant's close proximity to the victim when he threatened the victim with a wrench and the remoteness of the location at which the threat was made as relevant factors in support of the defendant's aggravated assault conviction); *In re O.R.*, 2007 UT App 307U, para. 3 (mem.) (per curiam) (affirming a conviction of aggravated assault based on evidence that the defendant brandished a knife and told the victims to "'get out of his face'"). The trial court's findings are not clearly erroneous. *See Briggs*, 2008 UT 75, ¶ 10. Accordingly, we affirm.

———————

3. The trial court's ruling, which is contained exclusively in the transcript of the bench trial, does not include a description of what evidence it relied on to reach its decision.