2013 UT App 292

STATE of Utah, Plaintiff and Appellee,

v.

Jamie Nichole MANGUM, Defendant and Appellant.

No. 20120346–CA.

Court of Appeals of Utah.

Dec. 12, 2013.

Debra M. Nelson and Wesley J. Howard, Attorneys for Appellant.

Brian L. Tarbet and Ryan D. Tenney, Salt Lake City, Attorneys for Appellee.

Before Judges GREGORY K. ORME, CAROLYN B. McHUGH, and STEPHEN L. ROTH.

### Decision

PER CURIAM:

¶1 Jamie Nichole Mangum appeals from her conviction of aggravated assault, a third degree felony, Utah Code Ann. § 76–5–103 (LexisNexis 2008).[1] We affirm.

¶2 Mangum asserts that the evidence was insufficient to establish that she used a dangerous weapon and stabbed the victim (Victim) in the back. In reviewing a jury verdict, an appellate court looks at the evidence and all reasonable inferences to be drawn in the light most favorable to the verdict. *State v. Fedorowicz*, 2002 UT 67, ¶40, 52 P.3d 1194. Additionally, appellate courts will generally not reevaluate the credibility of witnesses. *Id.* Rather, "[w]hen the evidence presented is conflicting or disputed, the jury serves as the exclusive judge of both the credibility of witnesses and the weight to be given particular evidence." *State v. Workman*, 852 P.2d 981, 984 (Utah 1993). "[A]n appellate court can rely on the presumption that the jury disbelieved the evidence in conflict with the jury verdict and find that there is evidence sufficient to support the jury's [verdict]." *State v. Gardner*, 2007 UT 70, ¶25, 167 P.3d 1074.

¶3 There was sufficient evidence presented to support the jury's verdict. Victim testified about the altercation with Mangum and testified that Mangum stabbed her in the back. Evidence was presented showing the stab wound between Victim's spine and scapula. Victim also testified that she saw something shiny in Mangum's hand and thought that Mangum was attempting to stab her again after the initial blow. A witness testified that he heard Victim scream "she stabbed me" during the altercation. Additionally, Mangum's ex-husband testified that Mangum called him after the incident and

admitted to stabbing someone. This evidence is sufficient to support the jury's verdict.

¶4 At trial, Mangum denied stabbing Victim and denied telling her ex-husband that she had done so. However, contradictory evidence is not sufficient to overturn a jury verdict. *State v. Lucero*, 2012 UT App 202, ¶13, 283 P.3d 967. Rather, the jury determines which evidence to believe when conflicting evidence is presented. *Fedorowicz*, 2002 UT 67, ¶40, 52 P.3d 1194.

¶5 Mangum also argues that the State failed to present evidence to show that even if Mangum stabbed Victim, she actually intended to do serious bodily harm. She asserts that evidence of specific intent to injure is required under *State v. Hutchings*, 2012 UT 50, 285 P.3d 1183. Although *Hutchings* involved the same version of the aggravated assault statute that applied to Mangum when she was charged, the case does not apply to Mangum's circumstances because she was charged under a different section of the statute than was at issue in *Hutchings*.

¶6 The statute in effect at the time Mangum was charged stated,

(1) A person commits aggravated assault if he commits assault as defined in Section 76–5–102 and he:

(a) intentionally causes serious bodily injury to another; or

(b) under circumstances not amounting to a violation of Subsection (1)(a), uses a dangerous weapon . . . or other means or force likely to produce death or serious bodily injury.

Utah Code Ann. § 76–5–103(1) (LexisNexis 2008). A violation of subsection (1)(a) is a second degree felony. *Id.* § 76–5–103(2). A violation of subsection (1)(b) is a third degree felony. *Id.* § 76–5–103(3).

¶7 The two subsections are clearly separate variants of the offense of aggravated assault, setting forth different elements and different punishments. Accordingly, the State was not required to prove elements of

1. The aggravated assault statute has since been amended. See Utah Code Ann. § 76–5–103 (LexisNexis 2012).

both variants to support a conviction for aggravated assault based on the use of a dangerous weapon. *See State v. Ekstrom*, 2013 UT App 271, ¶ 12. Our supreme court held in *Hutchings* that under subsection (1)(a) specific intent to cause injury must be shown rather than just the intent to commit an act that results in injury. 2012 UT 50, ¶ 14, 285 P.3d 1183. Mangum, however, was charged and convicted under subsection (1)(b), which required the State to prove that, under circumstances *not* amounting to intentionally causing serious bodily harm to another, Mangum used a dangerous weapon to commit assault. Subsection (1)(b) was not at issue in *Hutchings*. Accordingly, *Hutchings* does not apply to the instant case and there was no requirement to show specific intent in order to support Mangum's conviction.

¶ 8 Affirmed.