2014 UT App 227

## THE UTAH COURT OF APPEALS

LAYTON CITY,
Plaintiff and Appellee,
*v.*
JACQUE ZACHARY CARR,
Defendant and Appellant.

Opinion
No. 20120668-CA
Filed September 25, 2014

Second District Court, Layton Department
The Honorable Robert J. Dale
No. 121600400

Scott L. Wiggins, Attorney for Appellant

Marlesse D. Jones, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGE GREGORY K. ORME and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

CHRISTIANSEN, Judge:

¶1     Jacque Zachary Carr appeals from his convictions for
domestic-violence assault and commission of domestic violence in
the presence of a child. Carr argues that Layton City did not
introduce sufficient evidence to support his conviction for
domestic-violence assault and that he received ineffective
assistance of counsel. We affirm

---

1. The Honorable Russell W. Bench, Senior Judge, sat by special
assignment as authorized by law. *See generally* Utah R. Jud. Admin.
11-201(6).

BACKGROUND

¶2    The victim in this case (A.P.) was sleeping at home when Carr, who was living with her at the time, returned home from work some time after midnight.[2] Carr found A.P.'s cell phone and looked through her text messages, ultimately discovering a conversation between her and another man. A.P. awoke to find Carr next to her bed "with his fist in [her] face" and her cell phone in his other hand, yelling at her about the text messages. A.P. was scared and, knowing that Carr's "temper was up" and that her children were also in the bedroom, she fled the bedroom into a hallway. As she ran down the hallway, she was pushed from behind. A.P. screamed for her mother, who was also staying in the home. Carr told A.P.'s mother, "I'm going to beat her ass, and I'm going to beat her ass if you're here or not." A.P.'s mother then called 911.

¶3    After police officers arrived, they separated Carr and A.P. Officer Anthony Yuen interviewed A.P. about the incident. Officer Yuen then spoke with Carr on the front porch of the house. Carr admitted to Officer Yuen that he had confronted A.P. about the text messages on her cell phone and that he had "held his clenched fist above [A.P.'s] head" during the ensuing argument. He explained that it "was not his intention to hit [A.P.] . . . , but he just had that clenched fist above her head." Carr denied pushing A.P. in the hallway.

¶4    As a result of these events, Layton City charged Carr with one count of domestic-violence assault and one count of commission of domestic violence in the presence of a child. Defendant pled not guilty, and his appointed counsel requested a

---

2. "On appeal, we recite the facts from the record in the light most favorable to the jury's verdict and present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Bluff*, 2002 UT 66, ¶ 2, 52 P.3d 1210 (citation and internal quotation marks omitted).

bench trial. At trial, A.P., her six-year-old daughter, and Officer Yuen testified on behalf of the City. Carr did not testify and presented no witnesses. The trial court found that Carr had threatened A.P. with his closed fist and that Carr had pushed A.P. The trial court therefore found Carr guilty of both charges, and Carr appeals.

ISSUES AND STANDARDS OF REVIEW

¶5    Carr first argues that the City presented insufficient evidence to support his conviction for domestic-violence assault. We review a trial court's verdict after a bench trial for clear error and will reverse only if the court's judgment is "against the clear weight of the evidence" or if we otherwise reach "a definite and firm conviction that a mistake has been made." *State v. Walker*, 743 P.2d 191, 193 (Utah 1987).

¶6    Carr next argues that he was deprived of his constitutional right to the effective assistance of counsel. When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and "we must decide whether [the] defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Tennyson*, 850 P.2d 461, 466 (Utah Ct. App. 1993).

ANALYSIS

I. Carr's Conviction for Domestic-Violence Assault Is Supported by Sufficient Evidence.

¶7    Carr first contends that the City failed to present sufficient evidence to convict him of domestic-violence assault. An assault is, among other things, "a threat, accompanied by a show of immediate force or violence, to do bodily injury to another." Utah Code Ann. § 76-5-102(1)(b) (LexisNexis 2008). And domestic

violence includes the commission of an assault by one cohabitant against another. *Id.* § 77-36-1(4)(b) (Supp. 2011). With respect to the trial court's determination that Carr had threatened A.P., Carr challenges only the "trial court's finding that the closed and clenched fist constituted the threat," and argues that this finding is without evidentiary support. "On appeal from a bench trial, we view the evidence in a light most favorable to the trial court's findings . . . ." *State v. Davie*, 2011 UT App 380, ¶ 2 n.1, 264 P.3d 770 (citation and internal quotation marks omitted).

¶8    The trial court found that Carr had made "a threat accompanied by showing immediate force of violence to do bodily injury to another," explaining that "[t]he threat was there at the time the closed and clenched fist was there." A threat is "the expression of an intention to inflict injury on another" through conduct or words. *State v. Hartmann*, 783 P.2d 544, 546 (Utah 1989). Carr contends that, notwithstanding the evidence that A.P. awoke to Carr yelling and holding his fist in her face, the trial court's finding of a threat is unsupported because (1) A.P.'s testimony "demonstrates that there was no motion toward[] her and no movements toward her ever"; (2) A.P.'s daughter's testimony "indicates that she did not see a closed and clenched fist" and that Carr "never acted like he was going to hit [A.P.]"; and (3) Carr told Officer Yuen that he did not intend to hit A.P.

¶9    With respect to Carr's first contention, we note initially our disagreement with his characterization of A.P.'s testimony at trial. A.P. did not testify that there was "no motion . . . and no movements toward her ever." Rather, she testified that she could not remember whether Carr moved toward her or extended his fist toward her. However, even if we considered A.P.'s testimony as conclusively establishing that Carr did not extend his fist toward her, Carr has cited no authority to suggest that it was necessary for Carr to move as if to strike A.P. for his clenched fist to be considered a threat, and we are not persuaded that such a requirement exists. *See id.* ("Threats may be communicated by action or conduct *as well as by words*." (emphasis added)). Indeed,

this court has previously affirmed an assault conviction based on a threat accompanied by a show of force where the defendant was "retreating from the situation," "never made any movement toward [the victim]," and never pointed the knife he was holding at the victim or in her direction. *Salt Lake City v. Maloch*, 2013 UT App 249, ¶ 4, 314 P.3d 1049 (internal quotation marks omitted) (concluding that "the surrounding circumstances support[ed] the trial court's finding that [the defendant] intended to threaten [the victim] with 'bodily injury' 'by a show of immediate force or violence'" (quoting Utah Code Ann. § 76-5-102(1)(b) (LexisNexis 2012))). Accordingly, A.P.'s testimony does not support Carr's claim of error in the trial court's finding that Carr threatened A.P.

¶10    The balance of Carr's challenge to the trial court's factual finding merely identifies the evidence that Carr asserts is inconsistent with that finding. However, contradictory evidence is generally not sufficient to overturn a verdict, because the factfinder determines which evidence to believe when conflicting evidence is presented. *See State v. Mangum*, 2013 UT App 292, ¶ 4, 318 P.3d 250; *cf. Davie*, 2011 UT App 380, ¶ 20 (stating that when a trial court evaluates witness credibility in a bench trial, "[t]he mere existence of inconsistencies is not a sufficient basis to question credibility determinations"). The evidence that was presented and apparently found credible by the trial court demonstrated that Carr, while yelling at A.P., raised his clenched fist above her head, causing her to flee from the bedroom. This evidence is adequate to support the trial court's finding that Carr's conduct constituted a threat.

¶11    The testimony of A.P.'s daughter—that she did not believe Carr acted like he was going to hit A.P. and did not mention seeing Carr's clenched fist—is, at best, evidence that contradicts the evidence supporting the finding. And Carr's statement to Officer Yuen that he did not intend to hit A.P., while certainly at odds with the evidence that tended to show that his clenched fist was an expression of such an intent, is similarly insufficient to demonstrate

that the trial court's finding is clearly erroneous.[3] *Mangum*, 2013 UT App 292, ¶ 4.

## II. Carr Has Not Shown That His Counsel Was Ineffective.

¶12    Carr next argues that his trial counsel rendered constitutionally ineffective assistance. To succeed on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This showing requires the defendant to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish the prejudice element of an ineffective assistance of counsel claim, the defendant "must show that a reasonable probability exists that, but for counsel's error, the result would have been different." *State v. Millard*, 2010 UT App 355, ¶ 18, 246 P.3d 151 (citation and internal quotation marks omitted).

¶13    Carr argues that his trial counsel was ineffective in three respects: failing to investigate and present as evidence A.P.'s victim-impact statement, failing to file a motion to suppress Carr's statements to Officer Yuen, and failing to adequately explain the difference between a bench trial and a jury trial. Carr has also moved this court for a remand to the trial court to enter factual findings in support of his claims of ineffective assistance of counsel.

---

3. Carr also argues that the trial court's finding that Carr pushed A.P. is not supported by sufficient evidence. However, Carr was convicted of only one count of domestic-violence assault, and the evidence that Carr made a threat accompanied by a show of force adequately supports that conviction. It is therefore unnecessary for us to determine whether the evidence also supports a finding that Carr actually pushed A.P.

Remand under rule 23B is available only if the motion for remand is supported by affidavits setting forth testimony or other evidence the defendant seeks to have entered in the record to support a claim of ineffective assistance. Utah R. App. P. 23B(a)–(b); *State v. Gunter*, 2013 UT App 140, ¶ 16, 304 P.3d 866. The affidavits supporting a rule 23B motion must allege facts that, if true, would show that counsel's performance was deficient, and "must also allege facts that show the claimed prejudice suffered by the appellant as a result of the claimed deficient performance." *Gunter*, 2013 UT App 140, ¶ 16 (citation and internal quotation marks omitted). We address Carr's request for a rule 23B remand on each issue together with our analysis of the merits of his claim of ineffective assistance.

A.    Victim-Impact Statement

¶14    Carr first contends that his trial counsel was ineffective for failing to adequately investigate and present as evidence the victim-impact statement that A.P. filed with the court after Carr was charged. Carr argues that A.P.'s statement, "I do not feel I was physically assaulted by Jacque Carr the night alleged," could have been used by trial counsel to question the credibility of A.P.'s testimony at trial, and would have itself "significantly alter[ed] the evidentiary picture" with respect to the trial court's finding that Carr had threatened A.P.. Accordingly, Carr claims that trial counsel's failure either to obtain or to present this statement at trial was deficient performance.

¶15    However, even if we assume that the victim-impact statement was available to Carr's trial counsel,[4] and further assume that counsel lacked a reasonable strategic basis for not presenting

---

4. As the City points out, a victim-impact statement is generally available only to certain entities enumerated by statute. *See* Utah Code Ann. § 77-38-3(11)(b) (LexisNexis Supp. 2011). While a prosecuting agency is listed as an entity to which a victim-impact statement is available, defense counsel is not. *Id.*

the statement as evidence, we are not convinced that Carr was prejudiced by his trial counsel's performance. As discussed above, the trial court determined that Carr had assaulted A.P. by means of a threat accompanied by a show of force. *Supra* ¶ 8. This determination does not rest in any way on proof of a physical assault by Carr. And the victim-impact statement does not contradict any of A.P.'s testimony supporting the trial court's determination. We thus do not see how A.P.'s statement that she did not "feel [she] was physically assaulted by [Carr]" could have impeached A.P.'s testimony or otherwise altered the evidentiary picture before the trial court on this point. Carr offers no affidavit testimony or evidence in support of his rule 23B motion that would affect this determination, and remand on this issue is therefore unnecessary. Ultimately, we are not persuaded that there is a "reasonable probability" that the trial court would have found Carr not guilty of assault had counsel introduced the victim-impact statement at trial. *Millard,* 2010 UT App 355, ¶ 18.

B.     Motion to Suppress

¶16     Carr next contends that his trial counsel was ineffective for failing to file a motion to suppress the statements Carr made to Officer Yuen. Carr asserts that these statements should have been suppressed because he did not receive a *Miranda* warning before Officer Yuen interviewed him. The City does not dispute that Officer Yuen did not give Carr such a warning but argues that no *Miranda* warning was required because Carr was not in custody at the time Officer Yuen interviewed him.

¶17     Generally, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant" unless certain procedural safeguards were employed, including informing defendant of his right to remain silent or to have counsel present during questioning. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *see also State v. Perea,* 2013 UT 68, ¶ 91, 322 P.3d 624. However, these safeguards are required only when a defendant is subject to

custodial interrogation, i.e., "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444; *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977) (per curiam) (explaining that "police officers are not required to administer *Miranda* warnings to everyone whom they question" but must only do so when "there has been such a restriction on a person's freedom as to render him 'in custody'").

¶18    Carr asserts that he "was in custody during the conversation with Officer Yuen because he was not free to leave." However, the test for whether a person is in custody for *Miranda* purposes is not simply whether he is "free to leave," but whether the "'suspect's freedom of action is curtailed to a degree associated with formal arrest.'" *State v. Mirquet*, 914 P.2d 1144, 1146–47 (Utah 1996) (quoting *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984)).[5] Four factors bear on whether a police interview is so coercive as to entitle an interviewee to a *Miranda* warning in a context other than a formal arrest: "(1) the site of interrogation; (2) whether the investigation focused on the accused; (3) whether the objective indicia of arrest were present; and (4) the length and form of interrogation." *Id.* at 1147 (citation and internal quotation marks omitted). Carr has not argued that he was under arrest at the time he was interviewed by Officer Yuen, nor has he addressed the relevant factors to show that he was in custody. And a review of the record does not demonstrate that the circumstances of the interview were so coercive as to require a *Miranda* warning. Carr was interviewed on the front porch of the house where he lived, not at a police station or in a patrol car; the interview was focused on "what had occurred that night" rather than on whether Carr had committed a crime; no objective indicia of arrest such as drawn

---

5. "The 'not free to leave' standard, on the other hand, determines whether a person has been 'seized' under the Fourth Amendment to the United States Constitution." *State v. Mirquet*, 914 P.2d 1144, 1147 (Utah 1996) (quoting *United States v. Mendenhall*, 446 U.S. 544, 555 (1980)).

guns or handcuffs were present at the time of the interview; and the interview as described by Officer Yuen was brief and casual, rather than a formal interrogation.

¶19    Carr's affidavit in support of his rule 23B motion includes no additional averments that could support a conclusion that he was in custody at the time of questioning. Accordingly, we conclude that remand is not necessary to resolve this claim on appeal. Because Carr has not demonstrated that he was in custody at the time of the interview with Officer Yuen, any motion by trial counsel to suppress his statements would have been futile. "It is well settled that counsel's performance at trial is not deficient if counsel refrains from making futile objections, motions, or requests." *State v. Perez-Avila*, 2006 UT App 71, ¶ 7, 131 P.3d 864 (citing *State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546). We therefore conclude that trial counsel did not perform deficiently in failing to file a futile motion to suppress Carr's statements to Officer Yuen.

C.    Right to a Jury Trial

¶20    Last, Carr argues that trial counsel was ineffective for recommending that Carr waive his right to a jury trial without "explain[ing] the difference between a jury trial or bench trial so that [Carr] could make an informed decision in choosing between the two." Carr asserts that remand is necessary to determine if he validly waived his right to a jury trial. However, Carr has raised this challenge as a claim of ineffective assistance of counsel, and we therefore do not directly consider whether he validly waived this right. Rather, we decide only whether trial counsel rendered deficient performance and whether Carr was prejudiced by that performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶21    We first conclude that remand is not appropriate here. Even if we accept Carr's allegation that "[a]t no time did [trial counsel] explain to [him] the difference between a jury trial or bench trial" and assume without deciding that this failure to advise Carr constituted deficient performance, Carr has not alleged facts

demonstrating that he was prejudiced by trial counsel's performance. To support a claim of prejudice in a rule 23B motion, the facts alleged "must demonstrate prejudice, i.e., that the result would have been different had counsel's performance not been deficient." *State v. Gunter*, 2013 UT App 140, ¶ 16, 304 P.3d 866 (citation and internal quotation marks omitted). Carr has not alleged or argued that had he been informed by trial counsel of the difference between a jury trial and a bench trial, he would have opted for a jury trial. Nor has he made any other claim of a different result at trial, such as an assertion that a jury would have been likely to return a more favorable verdict. Accordingly, remand is not necessary to resolve this claim on appeal.

¶22    Further, Carr's failure to allege or argue that he would have selected a jury trial, or is likely to have received a more favorable result from a jury, is fatal to his claim of ineffective assistance of counsel. Absent a showing that "the result would have been different" if trial counsel had explained the difference between a bench trial and a jury trial, Carr's claim fails for lack of prejudice. *See State v. Millard*, 2010 UT App 355, ¶ 18, 246 P.3d 151 (citation and internal quotations marks omitted). We therefore conclude that trial counsel's performance did not deprive Carr of his right to the effective assistance of counsel.

CONCLUSION

¶23    Sufficient evidence supports the trial court's finding that Carr threatened A.P. with his clenched fist. Carr has also failed to show that his trial counsel performed deficiently in not moving to suppress his statements to police, or that he was prejudiced by counsel's performance in any other respect. We therefore deny Carr's request for a remand under rule 23B, and we affirm Carr's convictions.

———————