2015 UT App 163

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DAVID JAMES ALLEN,
Defendant and Appellant.

Memorandum Decision
No. 20130405-CA
Filed June 25, 2015

Second District Court, Farmington Department
The Honorable Michael G. Allphin
No. 121700011

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes, Ryan D. Tenney, and Deborah L.
Bulkeley, Attorneys for Appellee

JUDGE KATE A. TOOMEY authored this Memorandum Decision, in
which JUDGES MICHELE M. CHRISTIANSEN and JOHN A. PEARCE
concurred.

TOOMEY, Judge:

¶1    David James Allen appeals his sentence, arguing that his
trial counsel rendered ineffective assistance by not asserting that
Allen had mental-health issues as a defense for his probation
violation. We affirm.

¶2    On February 6, 2012, Allen pled guilty to one count of
attempted distribution of a controlled substance, a third-degree
felony. As part of the plea agreement, the State agreed to
recommend the reduction of Allen's offense to a class A
misdemeanor upon his successful completion of probation. Before
sentencing, Allen moved to withdraw his guilty plea, claiming he
was "under a great deal of mental [anxiety] and stress" when he

pled guilty. The trial court denied Allen's motion and ordered Adult Probation and Parole (AP&P) to prepare a presentence investigation report. In the report, AP&P recommended that Allen be "sentenced to serve 0–5 years in the Utah State Prison, suspended upon successful completion of formal probation." AP&P also suggested, as a special condition to probation, that Allen complete a mental health evaluation because Allen "reported being diagnosed with bipolar disorder, but did not provide any specific information regarding when he was diagnosed or his current status." At sentencing, the court adopted AP&P's recommendations.

¶3     Between sentencing and February 28, 2013, AP&P filed two probation-violation reports. In each report, AP&P noted Allen's failure to participate in counseling or treatment. In the February 2013 report, an AP&P agent opined that "Allen suffers from multiple mental health disorders and he must undergo an evaluation in order to be successful." Accordingly, AP&P recommended that Allen's probation be "revoked and terminated as unsuccessful with the service of 180 days jail."

¶4     At a subsequent hearing, Allen admitted to violating the terms of his probation and his trial counsel asked the court to follow AP&P's recommendations, stating, "I think there's some serious mental health issues. Unless [Allen is] absolutely supervised and medicated I think these are the kind of things that you're going to run into." On March 18, 2013, the court accepted trial counsel's and AP&P's recommendation, revoked and terminated Allen's probation as "unsuccessful," and ordered Allen to serve 180 days in jail.[1] Allen appealed before he was released from jail on July 26, 2013.[2]

---

1. It is unclear whether the trial court effectively ordered a new sentence or restarted Allen's probation by requiring him to "serve 180 days in the Davis County Jail" to close out this case. Utah case law indicates that trial courts have "the authority to execute only

(continued…)

¶5     Allen, represented by new counsel on appeal, contends that his trial counsel rendered ineffective assistance by "failing to affirmatively request that the sentencing court consider [Allen's]

---

(…continued)

the previously imposed sentence." *See State v. Anderson*, 2009 UT 13, ¶ 9, 203 P.3d 990. *But see* Utah Code Ann. § 77-18-1(12)(e)(iii) (LexisNexis Supp. 2014) ("If probation is revoked, the defendant shall be sentenced or the sentence previously imposed shall be executed."). Because neither party disputes the classification of Allen's jail term—whether it is a condition of probation or a renewed sentence—we do not address the matter.

2. The State argues that because Allen was released from jail on July 26, 2013, his appeal is moot. In his reply brief, Allen contends his appeal is not moot because his conviction still affects his rights. "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Utah Transit Auth. v. Local 382 of the Amalgamated Transit Union*, 2012 UT 75, ¶ 14, 289 P.3d 582 (citation and internal quotation marks omitted). But, "[w]here collateral legal consequences may result from an adverse decision, courts have generally held an issue not moot and rendered a decision on the merits." *Barnett v. Adams*, 2012 UT App 6, ¶ 7, 273 P.3d 378 (citation and internal quotation marks omitted); *see also Duran v. Morris*, 635 P.2d 43, 45 (Utah 1981) (recognizing that in criminal cases a petitioner's release from custody renders a case moot only if there is no possibility of any collateral legal consequences, such as the petitioner's inability to vote or the use of the conviction as a factor in determining sentencing in a future trial). We are not convinced that Allen faces no collateral legal consequences as a result of his felony conviction and revoked probation terms. Accordingly, we reach the issues underlying Allen's appeal. *See Barnett*, 2012 UT App 6, ¶ 4.

mental illnesses as a defense to the probation violation."[3] He suggests that if the court had properly evaluated his mental illnesses, it would have sent Allen to a treatment program as part of a new probation term, instead of jail. Allen further argues that with proper treatment he would have successfully completed probation which would have resulted in the reduction of his third-degree-felony conviction to a class A misdemeanor. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether [the] defendant was deprived of the effective assistance of counsel as a matter of law." *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (alteration in original) (citation and internal quotation marks omitted).

---

3. Allen also argues that his trial counsel erred because counsel should have invoked statutes governing verdicts and pleas of "guilty with a mental illness" that would require the court to evaluate his mental illness and consider his mental illness at sentencing. *See* Utah Code Ann. §§ 77-16a-103, -104 (LexisNexis 2012). This argument is misplaced. Allen pled guilty in the ordinary sense and does not challenge the court's denial of his motion to withdraw his guilty plea. Moreover, pursuant to Utah law, if the court finds by clear and convincing evidence that the defendant has a mental illness, "the court shall impose any sentence that could be imposed under law upon a defendant who does not have a mental illness and who is convicted of the same offense." *Id.* § 77-16a-104(3) (providing the court the discretion to place defendant in custody, order probation, or commit the defendant to the department of human services if by clear and convincing evidence the defendant's illness poses an immediate risk). Allen therefore fails to demonstrate how trial counsel's alleged errors prejudiced his defense because he has not shown how a "guilty with a mental illness" plea would have changed the outcome.

¶6     To establish that his trial counsel rendered ineffective assistance, Allen must demonstrate (1) that his "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate that his counsel's performance was deficient, Allen "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 689. This requires the defendant to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

¶7     Allen has not established that his trial counsel rendered ineffective assistance, because even if we were to find that his counsel's performance was deficient, Allen has not demonstrated that the deficient performance prejudiced his defense. "To establish the prejudice element of an ineffective assistance of counsel claim, the defendant must show that a reasonable probability exists that, but for counsel's error, the result would have been different." *Carr*, 2014 UT App 227, ¶ 12 (citation and internal quotation marks omitted). Allen argues, "But for counsel's unprofessional and unreasonable failure to request that the sentencing court consider [Allen's] mental illnesses as a defense or mitigating circumstance to the probation violation at sentencing, the result at sentencing would have been different." Allen offers no evidence that a mental health professional or doctor has diagnosed him with a mental illness. Instead, to support his assumption that he suffers from mental illness, Allen solely relies on (1) the AP&P agent's opinion that "Mr. Allen suffers from multiple mental health disorders and he must undergo an evaluation in order to be successful" and (2) his trial counsel's comment to the court that Allen has serious mental issues and needs to be supervised and medicated to be successful.

¶8     Even if we were to assume that trial counsel's and AP&P's opinion were enough to establish that Allen has a mental illness, "it is not enough to show that the alleged errors had some conceivable effect on the outcome[,] . . . [Allen] must show that a reasonable probability exists that . . . the result would have been

different." *See State v. Millard*, 2010 UT App 355, ¶ 18, 246 P.3d 151 (citation and internal quotation marks omitted). Instead of explaining how the court's consideration of his mental illnesses would likely have resulted in anything other than jail time, Allen merely asserts that "the court—more likely than not—would have duly allowed [Allen] the opportunity to obtain a mental health evaluation and thus seek appropriate treatment for his mental illnesses" if it knew the extent of Allen's mental illnesses. Nothing in Allen's argument supports the assertion that with a better understanding of Allen's mental health issues, the court would have made a different decision. Indeed, Allen fails to take into account that the court considered his mental health in sentencing and allowed him the opportunity to obtain a mental health evaluation when it required Allen to seek a mental health evaluation and treatment as a condition of his probation. But, even with this contingency, Allen did not obtain a mental health evaluation or receive treatment of any kind. Moreover, Allen reportedly violated the terms of his probation in other ways at least twice in the first year of his term. Without demonstrating that some circumstance exists that creates a reasonable probability the outcome would have been different, any alleged error by Allen's trial counsel is harmless. *See Carr*, 2014 UT App 227, ¶ 12.

¶9     We therefore affirm.

_____