**2020 UT App 165**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KELLY COLLIER,
Appellant.

Opinion
No. 20190199-CA
Filed December 10, 2020

Eight District Court, Vernal Department
The Honorable Samuel P. Chiara
Nos. 171800127 and 181800016

Emily Adams, Attorney for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1      Kelly Collier was convicted of sexual battery arising from an allegation that he groped a worker at a convenience store. His sexual battery conviction resulted in the entry of a previous conviction for attempted lewdness involving a child that had been held in abeyance. This opinion addresses the consolidated appeals of the two separate criminal convictions. Collier primarily challenges his sexual battery conviction, asserting ineffective assistance of counsel, and if successful, he asks us to vacate the attempted lewdness conviction. We affirm both convictions.

BACKGROUND[1]

¶2    On Christmas Day 2017, Collier entered the workplace of his then partner (Partner) to pick her up at the end of her morning shift at a convenience store. Thereafter, Partner's co-worker (Co-worker) arrived to replace Partner for the afternoon shift. As Co-worker spoke with Partner as part of the shift change-over, Collier approached and hugged Co-worker from behind for several seconds, during which time he groped her breasts. Co-worker broke free and retreated to the back office. Soon after, Co-worker exited the office and was again approached by Collier. Collier stood side-by-side with Co-worker, draped his arm over her shoulders, and again groped her breast. Co-worker removed Collier's arm, pushed him away, told him not to do that, and went to the front of the store to work.

¶3    Hours later, Co-worker received a text message from Partner suggesting future sex acts between Co-worker and Collier. Co-worker then disclosed the groping to her manager, and the manager called the police. The investigating officer interviewed Co-worker and retrieved security camera footage from the store. The officer also interviewed Collier, who admitted hugging Co-worker but denied groping her breasts. Collier was arrested and charged with one count of sexual battery.

¶4    At the preliminary hearing, the prosecution called Co-worker to testify. Co-worker provided an account of the first groping incident. Questioning then shifted to another topic. At

_____

1. "On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly." *State v. Thompson*, 2017 UT App 183, ¶ 2 n.3, 405 P.3d 892 (cleaned up).

no time during the preliminary hearing was Co-worker asked or prompted to discuss the second groping incident.

¶5     At trial, the prosecution played the security video that showed Collier hugging Co-worker from behind, but because of the camera's angle, did not show where his hands were placed during the hug. Co-worker again testified that Collier had groped her breasts during the hug. The prosecutor also showed video of the second contact between Collier and Co-worker. The video showed that Collier draped his arm over Co-worker's shoulders and placed his hand at least near her breast but again, due to the angle and quality, did not conclusively show the placement of Collier's hand. Co-worker then testified that Collier had touched her breast during that second contact. The jury convicted Collier of sexual battery.

¶6     In a previous and unrelated matter, Collier entered a guilty plea to a charge of attempted lewdness involving a child. At the time of the plea, the court agreed to hold that plea in abeyance on certain terms, including that Collier was not to violate any law during the term of the agreement. After Collier was convicted of sexual battery, the court found Collier had violated the terms of the abeyance agreement and entered the conviction for attempted lewdness involving a child.

¶7     Collier separately appealed his sexual battery conviction and his attempted lewdness conviction. Those appeals were consolidated into this appeal.


ISSUES AND STANDARDS OF REVIEW

¶8     Collier contends that his trial counsel rendered ineffective assistance of counsel by failing to properly cross-examine Co-worker at trial. We address a claim of ineffectiveness, raised for

the first time on appeal, as a matter of law. *See Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587.

¶9 Collier also requests a remand pursuant to rule 23B of the Utah Rules of Appellate Procedure for entry of findings of fact relating to a second claim of ineffective assistance challenging counsel's decision not to call Partner as a witness at trial. *See* Utah R. App. P. 23B(a). A rule 23B motion will be granted "only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective." *Id.*

¶10 Collier further argues that if we reverse his conviction for sexual battery, we should also reverse the conviction entered on the attempted lewdness charge. Generally, "[w]e review a trial court's decision to terminate a plea in abeyance agreement for an abuse of discretion." *State v. Wimberly*, 2013 UT App 160, ¶ 5, 305 P.3d 1072. We review any associated factual findings for clear error, *see State v. Tripp*, 2010 UT 9, ¶ 23, 227 P.3d 1251, and any legal conclusions for correctness, *see State v Baker*, 2010 UT 18, ¶ 7, 229 P.3d 650.

ANALYSIS

I.

¶11 Collier asserts that his trial counsel performed ineffectively by not using Co-worker's preliminary hearing testimony, which mentioned only the first incident of groping, to impeach Co-worker at trial, during which she discussed both incidents of groping. Collier argues the inconsistency was important given the jury's reliance on Co-worker's credibility due to the inconclusiveness of the security video. We conclude counsel's assistance was not ineffective.

¶12 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must establish that counsel's performance was deficient—the proper measure being "reasonableness under prevailing professional norms." *Id.* at 688; *see also State v. Ray*, 2020 UT 12, ¶ 33, 469 P.3d 871. Second, a defendant must affirmatively show that the deficiency in counsel's performance was prejudicial to the defense—demonstrating by "a probability sufficient to undermine confidence in the outcome" that "the result of the proceeding would have been different" absent the deficiency. *Strickland*, 466 U.S. at 692–94; *see also State v. Scott*, 2020 UT 13, ¶ 43, 462 P.3d 350. However, "[t]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

¶13 We resolve Collier's claim using the first component of the inquiry and determine that his counsel was not deficient. Citing rule 801(d)(1)(A) of the Utah Rules of Evidence, which addresses statements that are not hearsay, Collier contends that if Co-worker's testimonies were inconsistent, then it was unreasonable for his counsel to forgo using the preliminary hearing testimony to impeach Co-worker at trial. But a statement is inconsistent only if it contradicts or conflicts with another prior statement. *See United States v. Coran*, 589 F.2d 70, 76 (1st Cir. 1978) (agreeing that the "statement at trial was in fact inconsistent with [the witness's] grand jury testimony" because it "directly contradict[ed] his statement to the grand jury"); *Prior Inconsistent Statement*, Black's Law Dictionary (10th ed. 2014) ("A witness's earlier statement that conflicts with the witness's testimony at trial."). Here, Co-worker's statements were not inconsistent.

¶14 During the preliminary hearing, Co-worker testified only regarding the first groping incident. Her testimony at the

preliminary hearing was given in response to lines of questioning employed by the prosecution and the defense. Neither the prosecution nor the defense inquired about the second incident during the preliminary hearing—perhaps because the State charged only a single count of sexual battery against Collier—and Co-worker, therefore, did not have occasion to discuss the second incident.[2]

¶15    At trial, Co-worker was asked to testify about the events depicted in the security video which included both incidents. Accordingly, Co-worker testified as to both at trial. Co-worker's testimony at trial did not contradict or conflict with her testimony given at the preliminary hearing. She never indicated at the preliminary hearing that the second incident did not occur. Neither did she make any statement to suggest that the second incident occurred other than as described in her trial testimony. Rather, Co-worker provided additional details about Collier's actions when requested. Therefore, there was no inconsistency.

¶16    Collier's claim for ineffectiveness fails because there is no inconsistency between Co-worker's testimonies, and therefore it was reasonable for counsel not to attempt to impeach Co-worker

---

2. In his reply brief, Collier asserts that Co-worker "*was* asked at the preliminary hearing" if there had been a second touching. But Collier misconstrues the testimony. In the cited section of the preliminary hearing testimony, Co-worker was asked whether Collier had "been this forward with [her] in the past" or "since." In our view, those questions were aimed at eliciting testimony about whether Collier had ever behaved inappropriately toward Co-worker before that day, or after that day, but were not aimed at eliciting testimony about whether there was a second incident of touching on that day.

using her preliminary hearing testimony through rule 801(d)(1)(A).

II.

¶17 Collier seeks remand under rule 23B of the Utah Rules of Appellate Procedure for entry of findings of fact relating to his claim of ineffective assistance for trial counsel's decision not to call Partner as a witness at trial. We deny the motion.

¶18 A remand "will be available only upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective." *See* Utah R. App. P. 23B(a). Even if Collier's contention is true that Partner would testify that she watched Collier hug Co-worker but that he did not grope Co-worker's breasts, it would not support a determination of ineffectiveness here. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a showing of deficient performance and prejudice to prove ineffective assistance).

¶19 Prior to the trial, the court determined that if Partner testified, depending on what she said, the prosecution would be able to introduce the sexually charged text message that Partner sent to Co-worker as relevant to Partner's credibility. Collier argues that counsel's decision to forgo Partner's testimony to ensure the text message remained excluded was deficient by asserting that the message was inadmissible under rule 608 of the Utah Rules of Evidence. But rule 608 is inapplicable here because it "does not apply to evidence used to directly rebut a witness's testimony." *State v. Corona*, 2018 UT App 154, ¶ 20, 436 P.3d 174 (cleaned up). The text message bore on the credibility of Partner's anticipated testimony and could have been used to directly rebut that testimony, not to prove her general character for truthfulness. *See id.* ¶ 21. Thus, the premise of Collier's rule 23B motion fails.

¶20 Counsel's decision to not call Partner to keep the text message out of evidence was therefore not ill-founded but reasonably based on the text message's potential to rebut Partner's testimony and to damage Collier's defense. "If it appears counsel's actions could have been intended to further a reasonable strategy, a defendant has necessarily failed to show unreasonable performance." *State v. Ray*, 2020 UT 12, ¶ 34, 469 P.3d 871. Accordingly, Collier would not be able to demonstrate ineffective assistance of counsel even with the benefit of a remand. Therefore, we deny the motion.[3]

III.

¶21 Collier next argues that if we reverse his conviction for sexual battery, we should also reverse the conviction entered on the attempted lewdness charge. After Collier was convicted of sexual battery, the court found he had violated the terms of the plea in abeyance agreement which required that he "[wa]s to violate no laws during the term of agreement." Resultantly, the court terminated the abeyance agreement and entered a conviction for attempted lewdness involving a child based on Collier's previous guilty plea. But because we affirm Collier's conviction for sexual battery, we conclude the court was within its discretion to terminate the agreement and enter a conviction on the attempted lewdness charge to which Collier pled guilty. *See* Utah Code Ann. § 77-2a-4(1) (LexisNexis 2017) ("If . . . the

---

3. Collier also asserts that the cumulative errors of ineffective assistance of counsel, as articulated on appeal and separately in his rule 23B motion, warrant reversal. "We will reverse a jury verdict or sentence only if the cumulative effect of the several errors undermines our confidence that a fair trial was had." *State v. Martinez-Castellanos*, 2018 UT 46, ¶ 39, 428 P.3d 1038 (cleaned up). Because we determine there was no error, there are no errors to cumulate and the doctrine is inapplicable. *See id.* ¶ 42.

court finds that the defendant has failed to substantially comply with any term or condition of the plea in abeyance agreement, it may terminate the agreement and enter judgment of conviction . . . ."). Collier does not attack this conviction otherwise.

CONCLUSION

¶22 Because Collier did not receive ineffective assistance of counsel, we affirm Collier's conviction for sexual battery. We also deny Collier's rule 23B motion. Lastly, we affirm his conviction for attempted lewdness involving a child.

_____