2007 UT App 185

**STATE of Utah, Plaintiff and Appellee,**

v.

**Joe Thomas GALLEGOS, Defendant and Appellant.**

No. 20060443–CA.

Court of Appeals of Utah.

June 1, 2007.

Don M. Torgerson, Price, for Appellant.

Mark L. Shurtleff and Erin Riley, Salt Lake City, for Appellee.

Before Judges BILLINGS, DAVIS, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Joe Thomas Gallegos appeals a trial court order revoking his probation and committing him to prison. He argues that his waiver of his right to counsel was not properly made because the trial court failed to either advise him of that right or ensure that he was aware of that right. We affirm.

## BACKGROUND

¶ 2 On November 12, 2003, and after pleading guilty to aggravated burglary, Defendant was sentenced to a suspended sentence of five years to life, fined $1250, and placed on probation for thirty-six months.

¶ 3 While Defendant was serving probation, the trial court issued an order to show cause on November 3, 2004. The order to show cause, which required Defendant to appear for a hearing, was served on Defendant six days later. The order was accompanied by the supporting affidavit, which alleged that Defendant had committed retail theft. The order also, as required by statute, informed Defendant that he had the right to be represented by counsel at the hearing. Defendant was represented by counsel at the hearing, and Defendant there admitted to the probation violation alleged in the affidavit. As a result, the trial court revoked Defendant's probation, ordered him to serve thirty days in jail, and restarted his probation term upon his release.

¶ 4 The State filed a second motion for order to show cause less than one year later. The affidavit accompanying the motion alleged domestic violence, use of marijuana, and use of methamphetamine. At this time a warrant was issued for Defendant's arrest, following which Defendant was arrested and released on bail. Defendant appeared at his hearing on January 3, 2006, again represented by counsel, and admitted to the drug-related probation violations. As a result, the trial court again restarted Defendant's probation.

¶ 5 Shortly thereafter, on February 9, 2006, the State filed a third motion for order to show cause. The accompanying affidavit alleged that Defendant had committed the offenses of assault and public intoxication two days before the January 3 hearing, and that two days after the hearing Defendant had committed the offense of retail theft and had been associating with a known criminal. The order to show cause was issued, and Defendant was thereafter served with the order and supporting affidavit. This order again informed Defendant that he had a right to be represented by counsel at the upcoming hearing. Defendant was represented by counsel at the March 20, 2006 hearing, at which Defendant denied, and the State struck, all allegations except that of associating with a known criminal. Also at the hearing, Defendant's probation officer expressed his frustration, mentioning both that Defendant had been incarcerated for yet another offense committed the weekend before the March 20 hearing and that Defendant had been drinking alcohol in violation of his probation agreement. The trial court, considering that the only violation actually before it was that of associating with a known criminal, which did not seem serious enough to merit a permanent revocation of probation, ordered that Defendant serve sixty days in jail and restarted his probation for the third time. The court additionally admonished Defendant, "[I]f there are any future violations, you probably will go to prison. So keep your nose clean."

¶ 6 The State subsequently filed a fourth motion for order to show cause on April 10, 2006, while Defendant was still serving the sixty days in jail ordered at the March 20 hearing. The motion's supporting affidavit alleged association with a known criminal; failure to report being arrested, cited, or questioned by a police officer; and the alcohol violation previously mentioned, but not considered, in the March 20 hearing. The trial court issued an order to show cause on April 12, 2006, and the order and supporting affidavit were served on Defendant in jail eight days later. This order again notified Defendant that he had a right to be represented by counsel at the upcoming hearing. Defendant was not, however, represented by counsel during the corresponding hearing, held on May 1, 2006, during which he admitted to the latter two alleged probation violations. Immediately after his admissions, the trial court informed Defendant that admitting to allegations waives certain rights, including the right to counsel, and Defendant indicated that he understood. In his defense, Defendant asked for yet another chance at probation, claiming that events at his March 20 hearing—which occurred after the violations admitted during this May 1 hearing— had "scared [him] straight." The trial court, however, presented with no mitigating evidence other than Defendant's promises, revoked Defendant's probation and committed him to prison to serve his sentence of five years to life. Defendant now appeals this decision.

## ISSUE AND STANDARDS OF REVIEW

¶ 7 Defendant argues that the trial court erred by failing to advise him of his right to counsel before accepting his admission to some of the allegations. "We review whether the right to counsel has been properly waived for correctness, but grant the trial court a reasonable measure of discretion when applying the law to the facts." *State v.*

*Byington,* 936 P.2d 1112, 1115 (Utah Ct.App. 1997).

## ANALYSIS

¶ 8 "The assistance of counsel at a probation revocation hearing is constitutionally guaranteed only in certain circumstances." *Id.* Although the Sixth Amendment right to counsel is not applicable in probation revocation proceedings, the due process requirement of the Fourteenth Amendment does, under some circumstances, provide a constitutional right to counsel during such proceedings. *See id.* at 1115–16. Defendant concedes that his constitutional right to counsel is not at issue in this case, and argues only that his statutory right to counsel, *see* Utah Code Ann. § 77–18–1(12)(c)(iii) (Supp. 2006), was violated. Thus, the parties agree that the trial court need not have conducted the " 'penetrating questioning,' " *Byington,* 936 P.2d at 1116 (quoting *State v. Frampton,* 737 P.2d 183, 187 (Utah 1987)), required when the constitutional right to counsel is waived. Instead, "waiver of a statutory right to counsel is proper as long as the record as a whole reflects the probationer's reasonable understanding of the proceedings and awareness of the right to counsel." *Id.* at 1117. And "whether a waiver has properly been made under this lower standard will turn 'upon the particular facts and circumstances surrounding each case.' " *Id.* (quoting *Frampton,* 737 P.2d at 188).

¶ 9 The facts and circumstances of this case clearly indicate that Defendant had a reasonable understanding of the proceedings and awareness of his right to counsel. *See id.* First, Defendant was given notice of his right to counsel through the order to show cause, as is statutorily required. *See* Utah Code Ann. § 77–18–1(12)(c)(iii) ("The order to show cause shall inform the defendant of a right to be represented by counsel at the hearing and to have counsel appointed for him if he is indigent.").[1]

---

1. Depending upon the degree of reliance placed on the order to show cause, it would not be inappropriate for the trial court to ascertain at the hearing's outset that Defendant had in fact read and understood the order to show cause. Apparently that is not an issue here, however, since Defendant argues that counsel was neces-

sary because the order to show cause was confusing to him because of its *timing.* But even assuming that the timing of the order was confusing, such does not support the argument that Defendant was confused regarding the probation revocation proceeding or his right to counsel at the proceeding, which is the real issue before us.

¶ 10 Further, Defendant was no stranger to probation revocation proceedings, but had participated in three previous revocation hearings.[2] At each of those three hearings Defendant had exercised his right to counsel, and on at least two occasions Defendant had filed an affidavit of indigency prior to the hearing to obtain such counsel. Thus, Defendant displayed an understanding both of his right to counsel and his accompanying right to have counsel appointed to represent him if indigent.

¶ 11 Finally, Defendant received notice of his right to counsel during the hearing itself. Although the trial court did not address the right to counsel until after Defendant had admitted to the allegations, the court thereafter told Defendant that such admission "waives your right to an attorney" and asked Defendant if he understood. Defendant responded that he understood, and at no point thereafter did he object to the situation or request to obtain or be provided with counsel, notwithstanding the fact that he had numerous opportunities to make such a statement. During the remainder of the hearing Defendant was given ample opportunity to speak in his defense, and on three separate occasions the trial court asked Defendant whether there was anything else he wanted to say.

¶ 12 Thus, under these specific facts and circumstances, we determine that Defendant had a clear understanding of both his right to counsel and the proceedings in general. And Defendant's waiver of his statutory right to counsel was therefore properly made.

## CONCLUSION

¶ 13 We determine that Defendant's waiver of his statutory right to counsel was properly made and that the trial court did not err in accepting such waiver. We therefore affirm

See *State v. Byington*, 936 P.2d 1112, 1117 (Utah Ct.App.1997).

2. Defendant also argues that although we consider the "record as a whole," *Byington*, 936 P.2d at 1117, this does not include past probation revocation proceedings that he may have been involved in. Defendant provides no authority to support such an argument, nor do we see that

the revocation of Defendant's probation and his commitment to prison.

¶ 14 WE CONCUR: JUDITH M. BILLINGS and WILLIAM A. THORNE JR., Judges.

consideration of previous probation revocation hearings would, as Defendant argues, "encourage speculation and prejudice by a trial court." The question before us is Defendant's awareness of his right to counsel at the probation revocation proceeding, and such awareness may certainly stem from prior experiences with this type of proceeding.