**2015 UT App 179**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
NATHAN HARE,
Defendant and Appellant.

Opinion
No. 20120701-CA
Filed July 23, 2015

Sixth District Court, Manti Department
The Honorable Marvin D. Bagley
No. 111600043

Aaron P. Dodd, Attorney for Appellant

Sean D. Reyes and Andrew F. Peterson, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

CHRISTIANSEN, Judge:

¶1 Nathan Hare sold marijuana three times to a confidential informant working for the police. Hare was charged with three counts of distributing a controlled substance in a drug-free zone. At Hare's request, his case was tried as a bench trial, and the judge found him guilty on all counts. On appeal, he argues that the trial court erred by allowing him to waive his right to a jury trial and by failing to schedule his trial within thirty days upon Hare's request. He also argues that his trial counsel rendered ineffective assistance in a number of ways.

¶2 We conclude that Hare has failed to demonstrate reversible error on the part of the trial court and has failed to

show that trial counsel was constitutionally ineffective. We therefore affirm Hare's convictions.

BACKGROUND

¶3    In April 2011, Hare sold marijuana to a confidential informant on three different occasions. Before each controlled buy, the police searched the confidential informant, provided him the buy money, and gave him a recording device. Each time, the informant returned with marijuana and identified Hare as the seller. Hare was arrested shortly after the third controlled buy.

¶4    Hare's preliminary hearing was continued multiple times and was ultimately held in July 2011. The trial court bound the case over for trial, and Hare requested an arraignment that same day, pleading not guilty to the charges. A pretrial conference was scheduled for August. Hare failed to appear at the pretrial conference, and the trial court issued a warrant for his arrest. Hare was arrested shortly thereafter and charged with new crimes that are not the subject of this appeal. After holding a status conference, the trial court scheduled a second arraignment for November 9, 2011.[1]

¶5    At the November 9 hearing, Hare indicated that he believed the hearing was a pretrial conference and that he hoped for "a speedy trial within this month . . . if that's possible." Hare then requested a bench trial, and the trial court, after conducting a colloquy, accepted Hare's waiver of a jury trial. After counsel for both sides agreed that a single day would be sufficient for the

---

1. The trial court appears to have been confused about the status of the case, as Hare had already been arraigned on these charges. The precise nature of the hearing does not, however, affect our analysis.

trial, the trial court directed the clerk to "find the first one-day available." When the trial court advised Hare that the trial date was "probably already into February," Hare asked if there was "no way to arrange a sooner date?" The trial court asked the clerk for an earlier date but ultimately presented Hare with a choice of February 6 or 7. Hare stated, "Either day would be just fine," and his counsel agreed. The trial court set the trial for February 7, 2012, and Hare did not object. At the conclusion of trial, the court found Hare guilty on all counts. Hare appeals.

ISSUES AND STANDARDS OF REVIEW

¶6 Hare first contends that the trial court erred in accepting his waiver of a jury trial. In evaluating whether the trial court properly accepted a defendant's waiver of a constitutional protection, we review the procedures and legal standard applied by the trial court for correctness, but we defer to the trial court on the factual questions of whether the defendant understood the rights being waived and made an informed decision to waive them. *See State v. Candland*, 2013 UT 55, ¶¶ 9–10, 309 P.3d 230 (reviewing guilty plea); *State v. Gallegos*, 2007 UT App 185, ¶ 7, 163 P.3d 692 (reviewing waiver of right to counsel).

¶7 Hare next contends that the trial court failed to adequately inquire into whether "the business of the court" allowed his trial to be scheduled within thirty days of the November 9 hearing. "A trial judge is given a great deal of latitude in determining the most fair and efficient manner to conduct court business." *Morton v. Continental Baking Co.*, 938 P.2d 271, 275 (Utah 1997). We therefore review for an abuse of discretion the trial court's determinations regarding the administration of its docket. *State v. Rhinehart*, 2006 UT App 517, ¶ 9, 153 P.3d 830.

¶8 Last, Hare contends that trial counsel rendered ineffective assistance by failing to listen to the recordings from the

confidential informant, failing to properly cross-examine the State's witnesses, and failing to discuss with Hare the benefits of a jury trial. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and 'we must decide whether [the] defendant was deprived of the effective assistance of counsel as a matter of law.'" *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (alteration in original) (quoting *State v. Tennyson*, 850 P.2d 461, 466 (Utah Ct. App. 1993)).[2]

ANALYSIS

I. The Trial Court Did Not Plainly Err in Accepting Hare's
Waiver of his Right to a Jury Trial.

¶9      Hare first argues that the trial court did not ensure that he knowingly and intelligently waived his right to a jury trial and that the trial court therefore plainly erred in accepting that waiver. To prevail on a claim of plain error, the appellant must show obvious, prejudicial error. *State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993). Hare has failed to do so.

¶10      We conclude that Hare's claim of plain error fails because he has not demonstrated that he was prejudiced by the trial court's acceptance of his jury trial waiver. To demonstrate that the trial court's error was prejudicial, Hare must show that "there is a reasonable likelihood of a more favorable outcome" for him absent the error. *Id.* at 1208.

---

2. We granted Hare's motion for a remand under rule 23B of the Utah Rules of Appellate Procedure to develop the factual record supporting his claim that trial counsel failed to discuss with him his right to a jury trial or his waiver of that right. We denied the motion as to his other claims of ineffective assistance.

¶11     Hare asserts only that the error was harmful "because the case was tried to a single trier of fact, instead of eight different people." However, this assertion merely describes the difference between a bench trial and a jury trial without showing how or why Hare would have received a more favorable result from a jury trial. Moreover, Hare does not even assert that he would have selected a jury trial if the trial court had, for instance, conducted a more searching colloquy to ensure that Hare fully understood the ramifications of his waiver. *Cf. Layton City v. Carr*, 2014 UT App 227, ¶ 22, 336 P.3d 587 (concluding that the appellant had not demonstrated prejudice in an ineffective-assistance claim where the appellant did not "allege or argue that he would have selected a jury trial" or that he was "likely to have received a more favorable result from a jury").

¶12     In spite of his failure to show actual prejudice, Hare argues that we should presume the trial court's action prejudiced him because "trial counsel utterly failed to represent or advise him at this stage of the proceedings, the same as if trial counsel was not even present." In making this argument, Hare relies on cases establishing that courts have "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984). Hare contends that trial counsel did not "advi[se] Hare regarding the fundamental importance to a criminal defendant of the jury trial" or "ensure that Hare's waiver was knowing and intelligent." Thus, according to Hare, "[f]or all practical purposes, trial counsel was absent when Hare waived his right to a trial by jury."

¶13     We first note that the rule from *Cronic* appears to relieve a defendant only of the obligation to show prejudice only with respect to a claim that he was deprived of the effective assistance of counsel by his attorney's absence. *See id.* at 658–59 & n.25. Despite Hare's argument to the contrary, this rule does not appear to relieve him from showing prejudice for any trial court

errors committed in counsel's absence. However, because we conclude that Hare's trial counsel was not absent, we need not decide whether such an absence would relieve Hare of the obligation to demonstrate that the trial court's acceptance of his waiver was prejudicial.

¶14   As Hare acknowledges, his trial counsel was present at the hearing when he requested a bench trial, not "totally absent." *See id.* at 659 n.25. And the record demonstrates that counsel was not prevented from assisting Hare when he waived his right to a jury trial. Indeed, counsel interceded to ensure that Hare waived no more than intended: When Hare was asked if he wanted a jury trial, he responded, "I would like to represent myself in the case of a bench trial." His trial counsel then asked, "You don't want to represent yourself, do you?" Hare responded, "No," but he reiterated that he wanted a bench trial. Trial counsel's participation in these proceedings makes clear that counsel was neither absent nor prevented from assisting Hare, and we therefore reject Hare's "constructive absence" theory. Accordingly, we will not presume that Hare was prejudiced by the trial court's acceptance of his waiver. We therefore conclude that Hare's failure to demonstrate prejudice is fatal to his claim. *See State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993).[3]

---

3. In his final reply brief—replying to the State's response to Hare's supplemental brief after the rule 23B remand—Hare argues for the first time that prejudice should also be presumed because an "invalid [jury trial] waiver constitutes structural error" irrespective of counsel's presence at the hearing. Generally, "we decline to consider arguments raised for the first time in reply briefs." *Tillman v. State*, 2012 UT App 289, ¶ 9 n.5, 288 P.3d 318. Thus, we do not address this novel claim raised for the first time in Hare's reply brief.

## II. Hare Invited Any Error in the Setting of the Trial Date.

¶15    Next, Hare argues that the trial court erred in not setting his trial date within thirty days of the November 9 hearing. Utah law provides that a defendant is "entitled to a trial within 30 days after arraignment if unable to post bail and if the business of the court permits." Utah Code Ann. § 77-1-6(1)(h) (LexisNexis 2008). Hare argues that the trial court violated this statute by not conducting an adequate inquiry into whether the business of the court would permit an earlier trial setting than the February 7 date ultimately set by the court. We conclude that Hare invited any error the trial court may have committed.

¶16    Under the doctrine of invited error, we will not review an asserted error where the defendant or counsel, "either by statement or act, affirmatively represented to the [trial] court that he or she had no objection to the [proceedings]." *State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171 (alterations in original) (citation and internal quotation marks omitted). Hare initially asked for "a speedy trial within this month . . . if that's possible." After Hare waived his right to a jury trial, the trial court and counsel agreed that one day would be sufficient for the trial. The trial court then discussed the scheduling with the defendant:

> COURT: All right, I'll ask the clerk to find us the first one-day available. We're probably already into February, Mr. Hare.
> HARE: All the way to February? There's no way to arrange a sooner date?
> COURT: Umm, I'll ask the clerk if there's a sooner date and we'll see if it's available for the counsel.
> HARE: Okay, thank you.
> CLERK: (Inaudible).
> DEFENSE COUNSEL: I won't be available.
> COURT: We have February 6th or 7th, Mr. Hare.
> HARE: Either day would be just fine.
> DEFENSE COUNSEL: Either is fine with me.

With Hare's and his counsel's approval, the trial court scheduled the trial for February 7, 2012. Hare and his counsel affirmatively represented to the trial court that Hare had no objection to the scheduling of his trial on February 7. We therefore decline to further address Hare's claim that he was deprived of his statutory right to a trial within thirty days of arraignment.

### III. Hare's Trial Counsel Was Not Constitutionally Ineffective.

¶17 Last, Hare argues that his trial counsel rendered ineffective assistance by failing to utilize the audio recordings from the controlled buys, failing to properly cross-examine the State's witnesses, and failing to inform Hare of the benefits of a jury trial. To succeed on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This showing requires the defendant to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted); *see also State v. Larrabee*, 2013 UT 70, ¶ 19, 321 P.3d 1136. To establish the prejudice prong of an ineffective-assistance-of-counsel claim, the "defendant must show that a reasonable probability exists that, but for counsel's error, the result would have been different." *State v. Millard*, 2010 UT App 355, ¶ 18, 246 P.3d 151 (citation and internal quotation marks omitted). "In the event it is 'easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,' we will do so without analyzing whether counsel's performance was professionally unreasonable." *Archuleta v. Galetka*, 2011 UT 73, ¶ 41, 267 P.3d 232 (quoting *Strickland*, 466 U.S. at 697).

A.      Audio Recordings of the Controlled Buys

¶18    Hare first asserts that trial counsel was ineffective for failing to make use of the audio recordings of the controlled buys: "If they supported the State's case, then trial counsel failed to advise Hare to take a deal. If they did not support the State's case, trial counsel failed to obtain the recordings or failed to use the recordings in Hare's behalf." Hare claims that "[t]rial counsel's deficient performance clearly prejudiced Hare since the outcome would have been different had trial counsel taken a few minutes to listen to the recordings."

¶19    Hare's argument that he was prejudiced merely recites the standard for prejudice without actually demonstrating how or why the outcome of his trial would have been different if trial counsel had used the recordings. Hare has not explained how the recordings would have altered the outcome of the trial if introduced, aside from his equivocal claim that the recordings "would either support or destroy [the confidential informant's] credibility." And, as we previously ruled in denying that portion of Hare's rule 23B motion seeking to include these recordings in the record, "to the extent that the recordings of the transactions are intelligible, they are inculpatory." We are therefore not persuaded that Hare was prejudiced by his counsel's failure to employ the recordings at trial.

¶20    Hare's argument that counsel should have advised him to accept a plea deal in light of the recordings' contents also does not establish prejudice. While a defendant can suffer prejudice from "loss of the plea opportunity," to demonstrate prejudice on such a theory Hare must show, among other things, that a plea offer was available that would have provided him a more favorable result and that he would have taken that offer if trial counsel had advised him of the contents of the recordings. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385–87 (2012). Hare has failed to make any such showing, and therefore cannot demonstrate that

he was prejudiced by his trial counsel's failure to advise him to take a plea in light of the recordings' contents.

B.    Failure to Impeach State Witnesses

¶21    Hare next claims that trial counsel "failed to cross-examine the State's witnesses with their own prior testimony which contradicted their testimony at trial." "It is well established that trial tactics and strategies are within counsel's prerogative and are generally left to counsel's professional judgment." *Fernandez v. Cook*, 870 P.2d 870, 876 (Utah 1993). "Accordingly, we will not question strategic decisions unless there is no reasonable basis for the decision." *Id.* (citation and internal quotation marks omitted).

¶22    Hare identifies three inconsistencies in the testimonies of the investigating detectives that he claims defense counsel should have explored in cross-examination. First, a detective testified at the preliminary hearing that during the second controlled buy, the informant had entered an apartment with Hare for "maybe five, seven minutes," but the detective testified at trial that the informant was in the apartment for "[a] minute or—he wasn't in there very long." Second, one of the detectives testified at the preliminary hearing that part of the third controlled buy had occurred at Hare's home, but the detective testified at trial that the transaction had occurred at the same apartment complex where the second controlled buy had occurred. Last, the affidavit for Hare's arrest indicated that during the third controlled buy, Hare was a passenger in a car when the confidential informant met him, but both detectives testified at trial that Hare was driving the car.

¶23    While we agree that Hare has identified some inconsistencies in the detectives' testimonies, we are not convinced that trial counsel's failure to explore these inconsistencies through cross-examination constituted deficient performance. To overcome the "strong presumption" that

counsel performed adequately, Hare must show that there is "no conceivable tactical basis for counsel's actions." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (emphasis omitted) (citation and internal quotation marks omitted). However, given the minor and immaterial nature of these inconsistencies to the question of Hare's guilt, we conclude that trial counsel could have reasonably elected not to pursue these inconsistencies at trial. Because the State's case was strongly supported by the testimony of the confidential informant, it is difficult to see how attacking the credibility of the detectives on such minor inconsistencies was likely to help Hare in any meaningful way. Thus, there is a conceivable tactical basis for defense counsel's decision not to cross-examine the detectives on these inconsistencies, and we conclude that trial counsel did not perform deficiently.

C.     Failure to Adequately Advise Hare on his Right to a Jury Trial

¶24    Finally, Hare asserts that trial counsel failed to adequately advise him of his right to a jury trial. On rule 23B remand, the trial court found that Hare had failed to present any evidence that he was prejudiced by trial counsel's performance in this regard. Hare has neither challenged this finding nor otherwise attempted to show that he was prejudiced by counsel's performance.

¶25    Instead, Hare argues that he need not show prejudice because counsel's deficient performance resulted in a structural error, relieving him of the obligation to demonstrate prejudice. However, the Supreme Court has held that "ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Strickland v. Washington*, 466 U.S. 668, 693 (1984). And Utah appellate courts have declined to relieve a defendant of his burden to show prejudice under *Strickland* even where the defendant claims that his counsel's deficient performance has

resulted in a structural error. *See, e.g., State v. Arguelles*, 921 P.2d 439, 442 (Utah 1996); *State v. Malaga*, 2006 UT App 103, ¶ 11, 132 P.3d 703. Hare has made no persuasive showing that his case is different from *Malaga* or *Arguelles*. We therefore conclude that Hare was required to demonstrate prejudice here and failed to do so.

CONCLUSION

¶26    Hare has not demonstrated that the trial court erred either in accepting his waiver of a jury trial or in failing to set his case for trial within thirty days of Hare's request. Neither has Hare demonstrated that his trial counsel rendered ineffective assistance. We therefore affirm Hare's convictions.