**2015 UT App 286**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOHN EDWARD YOUNG IV,
Appellant.

Memorandum Decision
No. 20140332-CA
Filed November 27, 2015

Fifth District Court, Cedar City Department
The Honorable Thomas M. Higbee
No. 135500022

Matthew D. Carling, Attorney for Appellant

Scott F. Garrett and Candace N. Reid, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

PEARCE, Judge:

¶1     John Edward Young IV appeals from his convictions for
failing to stop at the command of a law enforcement officer,
reckless driving, and driving under the influence of alcohol or
drugs. We affirm.

¶2     On the afternoon of August 30, 2013, a Southern Utah
University police officer, Officer Townsend, responded to a
report of a disorderly student on campus.[1] When Townsend

---

1. "On appeal from a bench trial, we view the evidence in a light
most favorable to the trial court's findings, and therefore recite

(continued…)

arrived at the scene of the disturbance, he observed the campus police chief speaking with Young. Believing that the chief had the situation under control, Townsend returned to his office. Shortly thereafter, Townsend received another report of a disorderly, and possibly intoxicated, individual on campus whose description matched Young's. Townsend saw Young walking in a parking lot and headed toward him. Townsend briefly lost sight of Young but soon discovered him sitting in the driver seat of a car, apparently asleep.

¶3    Townsend approached Young's car. Young rolled down the car window. Townsend told Young that he needed to speak with him. As Townsend began to explain the report of disorderly conduct, Young put the car in reverse. Townsend put his head in the window of the car and told Young to turn off the engine and exit the car. Young drove away from Townsend. Young circled in and out of the parking lot several times, driving twenty-five to thirty miles per hour. Pedestrians and cars were present as Young made his way in and out of the parking lot.

¶4    Townsend called for additional officers. When those officers arrived and stopped Young, he smelled of alcohol. Young admitted that he had been drinking alcohol and had consumed prescription anti-anxiety medication. Young failed field sobriety tests, and a breath test revealed that he had an alcohol concentration of .114 grams, in excess of Utah's legal limit of .08 grams. *See* Utah Code Ann. § 41-6a-502(1) (LexisNexis 2014).

¶5    The State charged Young with failing to stop at the command of a law enforcement officer, reckless driving, and

---

(…continued)

the facts consistent with that standard." *State v. Nichols*, 2003 UT App 287, ¶ 2 n.1, 76 P.3d 1173 (citation and internal quotation marks omitted).

driving under the influence of alcohol and/or drugs. The charges were tried to the bench, and the district court convicted Young on all charges.

¶6     On appeal, Young argues that insufficient evidence existed to convict him of either failure to stop or reckless driving. When we review a bench trial for sufficiency of the evidence, we will affirm the district court's judgment unless it is "against the clear weight of the evidence" or we otherwise reach "a definite and firm conviction that a mistake has been made." *State v. Bingham*, 2015 UT App 103, ¶ 8, 348 P.3d 730 (citation and internal quotation marks omitted).

¶7     Young first argues that that the evidence presented at trial was insufficient to support his conviction for failing to stop at the command of a law enforcement officer. Utah Code section 76-8-305.5 provides,

> A person is guilty of a class A misdemeanor who flees from or otherwise attempts to elude a law enforcement officer: (1) after the officer has issued a verbal or visual command to stop; (2) for the purpose of avoiding arrest; and (3) by any means other than a violation of Section 41-6a-210 regarding failure to stop a vehicle at the command of a law enforcement officer.

Utah Code Ann. § 76-8-305.5 (LexisNexis 2012). Young challenges the sufficiency of the evidence as to both Townsend's command to stop and Young's intent to avoid arrest.

¶8     Young argues that Townsend's testimony was inconsistent as to exactly when Townsend instructed Young to stop. Young posits that this inconsistency gives rise to a reasonable doubt that Young fled "*after*" Townsend issued a verbal or visual command to stop. *See id.* § 76-8-305.5(1) (emphasis added). Although Townsend's testimony varied, none

of the variations resulted in a material ambiguity as to what occurred. Townsend testified that he asked Young to step out of his car as soon as Townsend approached the vehicle; that once Young put the car in reverse, Townsend "pretty much stuck [his] head in the window and told him to turn the car off"; and that, at this point, Townsend had given Young "a command to stop and exit the car." Although Townsend later testified that he did not remember exactly when he had commanded Young to stop, Townsend insisted that he had done so during his interaction with Young in the parking lot. In other words, notwithstanding inconsistencies about the precise moment Townsend ordered Young to stop, Townsend's testimony consistently maintained that he issued an instruction to stop before Young drove away and began circling through the parking lot. This testimony is sufficient to support the district court's finding that Young fled after Townsend had commanded Young to stop.

¶9    Young also argues that if his car was in motion at the time Townsend instructed him to stop, he cannot be convicted of violating Utah Code section 76-8-305.5. Young contends that section 76-8-305.5 applies only to flight "by any means *other* than a violation of Section 41-6a-210 regarding failure to stop a vehicle at the command of a law enforcement officer." Utah Code Ann. § 76-8-305.5(3) (LexisNexis 2012) (emphasis added). Young reasons that if his vehicle was in motion at the time of Townsend's command, then Young's failure to stop the vehicle violated Utah Code section 41-6a-210 and was thus not a violation of section 76-8-305.5. *See* Utah Code Ann. § 41-6a-210 (LexisNexis 2014).

¶10    One reasonable interpretation of Townsend's testimony is that he commanded Young to stop before Young placed his vehicle in motion. However, even if there is some question as to the exact timing of the command to stop, we are not persuaded that Utah Code section 76-8-305.5(3) precludes Young's conviction. Although there is no case directly on point regarding section 76-8-305.5(3), Utah cases have interpreted similar

provisions of other criminal statutes and held that those provisions do not require the State to disprove the defendant's commission of the act or acts the statutory language excludes. *See, e.g.*, *State v. Ansari*, 2004 UT App 326, ¶¶ 10–13, 100 P.3d 231 (analyzing the language "not amounting to an attempt, conspiracy, or solicitation" in Utah's internet enticement statute and concluding that the "clause does not require the State to affirmatively prove absence of attempt, conspiracy, and solicitation"); *State v. Montoya*, 910 P.2d 441, 443–46 (Utah Ct. App. 1996) (concluding that "under circumstances not amounting to rape, rape of a child or aggravated sexual assault" is not a "discrete element of the crime of incest"). In light of this case law and Townsend's testimony, Young has failed to carry his burden of persuasion on appeal on this argument. *See State v. Nielsen*, 2014 UT 10, ¶ 34, 326 P.3d 645.

¶11  Young further argues that there was insufficient evidence for the district court to find that Young fled from Townsend "for the purpose of avoiding arrest." Utah Code Ann. § 76-8-305.5(2). The district court found that Young "was intoxicated, and presumably knew that he was intoxicated" when Townsend approached him as he sat in his car. It was both reasonable and logical for the district court to then infer that Young knew he could be arrested for driving under the influence and fled from Townsend to avoid arrest. *See State v. Briggs*, 2008 UT 75, ¶ 11, 197 P.3d 628 ("[I]n those instances in which the trial court's findings include inferences drawn from the evidence, we will not take issue with those inferences unless the logic upon which their extrapolation from the evidence is based is so flawed as to render the inference clearly erroneous." (citation and internal quotation marks omitted)).[2]

2. Young also implies that the circumstances of his flight from Townsend are inconsistent with a purpose to avoid arrest because Young merely circled in and out of the parking lot after his encounter with Townsend, rather than attempting to leave

(continued…)

¶12    Young relies on our recent decision in *Salt Lake City v. Gallegos*, 2015 UT App 78, 347 P.3d 842, for the proposition that Utah Code section 76-8-305.5(2) requires the State to present evidence, beyond a defendant's flight itself, sufficient to support an inference that the defendant "thought he was at risk for arrest and was therefore motivated to flee." *Gallegos*, 2015 UT App 78, ¶ 7. We agree with Young's reading of *Gallegos* but conclude that the evidence of Young's intoxication satisfies the State's burden. Young's alcohol concentration of .114 grams was over the legal limit at the time Townsend approached him as he sat in the driver seat of his car. It is reasonable to infer that this level of intoxication gave Young an awareness of his risk of arrest for driving under the influence of alcohol. *See generally* Utah Code Ann. § 41-6a-502(1) (LexisNexis 2014) ("A person may not operate or be in actual physical control of a vehicle within this state if the person: . . . has a blood or breath alcohol concentration of .08 grams or greater at the time of operation or actual physical control.").

¶13    We conclude that there was sufficient evidence to support the district court's findings that Young fled after Townsend commanded him to stop and that Young did so for the purpose of avoiding arrest. We therefore affirm Young's conviction for failing to stop at the command of a law enforcement officer.

¶14    Young also challenges the sufficiency of the evidence to support his conviction for reckless driving. Specifically, Young argues that there was no evidence that he operated his vehicle

_____

(…continued)

the area entirely. While such an inference might be reasonable, it is not the only reasonable inference to be drawn from the evidence before the district court. The district court could have inferred that Young's return to the parking lot was the product of intoxication, disorientation, or Young's belated realization that it was in his best interest to abandon his attempt to flee.

"in willful or wanton disregard for the safety of persons or property," which is the theory of reckless driving upon which Young was convicted. *See* Utah Code Ann. § 41-6a-528(1)(a) (LexisNexis 2014). However, there is ample evidence to support the district court's finding.

¶15    Townsend testified that Young drove through the parking lot at what "seemed like a high rate of speed," "at least" twenty-five to thirty miles per hour. Townsend further testified that there were cars in the parking lot, as well as several people walking in the lot, as Young drove through it. Compounding the danger to persons and property, Young was under the influence of alcohol. Under these circumstances, the district court's finding that Young drove in willful or wanton disregard for the safety of persons or property is not "against the clear weight of the evidence" nor does it leave us with a "definite and firm conviction that a mistake has been made." *State v. Bingham*, 2015 UT App 103, ¶ 8, 348 P.3d 730 (citation and internal quotation marks omitted). Accordingly, we affirm Young's conviction of reckless driving.

¶16    Young also argues that his trial counsel provided him with constitutionally ineffective assistance of counsel by failing to pursue a motion to suppress evidence. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether [the] defendant was deprived of the effective assistance of counsel as a matter of law." *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587 (alteration in original) (citation and internal quotation marks omitted). "To succeed on a claim of ineffective assistance of counsel, a defendant must show both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *State v. Hare*, 2015 UT App 179, ¶ 17, 355 P.3d 1071 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶17    Young argues that his counsel should have sought the suppression of evidence because Townsend detained—or at least attempted to detain—Young without "a reasonable, articulable suspicion that the person has committed or is about to commit a crime." *See State v. Applegate*, 2008 UT 63, ¶ 8, 194 P.3d 925 (citation and internal quotation marks omitted). However, Townsend approached Young, who was sitting in his car, to investigate a report of disorderly conduct involving a possibly intoxicated person matching Young's description. *See generally* Utah Code Ann. § 76-9-102 (LexisNexis Supp. 2015) (defining and prohibiting disorderly conduct). Shortly before approaching Young, Townsend had personally observed Young interacting with another officer regarding a different complaint of disorderly conduct. Although the issue of reasonable suspicion was not explored below, these circumstances likely created reasonable suspicion that Young had committed the crime of disorderly conduct or was about to commit the crime of driving under the influence. Either belief, if reasonable, would suffice to justify Townsend's detention of Young to investigate. *See Applegate*, 2008 UT 63, ¶¶ 8–9.

¶18    Even if Townsend did not initially have reasonable suspicion to detain Young, Young's subsequent illegal acts of fleeing from Townsend and driving recklessly through the parking lot provided an independent justification for the officers to detain and arrest Young. This case is indistinguishable in key respects from *State v. Lorenzo*, 2015 UT App 189, 358 P.3d 330, wherein this court rejected a similar argument of ineffective assistance of counsel. *Id.* ¶¶ 18–22. In *Lorenzo*, a police officer detained the defendant, allegedly without reasonable suspicion, after which the defendant "[led] police on a dangerous, high-speed chase on the freeway and through residential and business districts." *Id.* ¶ 22. We affirmed the defendant's resulting convictions, which included reckless driving, explaining,

> The legality of the initial stop . . . does not control this issue. A prior illegality by officers does not

affect the subsequent arrest of a defendant where there is an intervening illegal act by the suspect. Thus, notwithstanding a strong causal connection in fact between lawless police conduct and a defendant's response, if the defendant's response is itself a new, distinct crime, then the police constitutionally may arrest the defendant for that crime. A contrary rule would virtually immunize a defendant from prosecution for all crimes he might commit that have a sufficient causal connection to the police misconduct.

*Id.* ¶ 21 (citations and internal quotation marks omitted).

¶19    Here, as in *Lorenzo*, Young's convictions "stemmed from his actions after he fled the scene of the stop." *See id.* ¶ 22. Young's reckless flight from Townsend justified his subsequent arrest, regardless of any initial illegality, and Young has not identified any inculpatory evidence obtained solely from his detention by Townsend prior to his flight. For these reasons, a motion to suppress based on a lack of reasonable suspicion would have been futile. Young's counsel did not perform deficiently by failing to pursue such a motion. *See Carr*, 2014 UT App 227, ¶ 19 ("[C]ounsel's performance at trial is not deficient if counsel refrains from making futile objections, motions, or requests." (citation and internal quotation marks omitted)).

¶20    Young also argues that his trial counsel provided him with ineffective assistance by failing to seek to suppress statements Young made after he was placed into police custody, asserting that such statements were the product of custodial interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Leaving aside the question of whether the circumstances of this case present a *Miranda* violation, Young cannot show prejudice arising from his counsel's failure to seek suppression on *Miranda* grounds.

¶21 "A defendant suffers prejudice when, absent the deficiencies of counsel's performance, there is a reasonable likelihood that the defendant would have received a more favorable result at trial." *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769. Here, the only statements that Young alleges the *Miranda* violation yielded are his admissions to the arresting officers that he had been drinking and that he had consumed a prescription anti-anxiety medication. These statements were inculpatory on the issue of Young's impairment, but there existed ample additional evidence of Young's impairment— most notably, the breath test result indicating an alcohol concentration of .114 grams.[3] Young has not demonstrated a reasonable likelihood of a more favorable trial result if his counsel would have sought to suppress Young's statements, and Young therefore cannot establish that his counsel rendered ineffective assistance.

¶22 Sufficient evidence existed to support Young's convictions for failing to stop at the command of a law enforcement officer and reckless driving. Young has also failed to establish that he received ineffective assistance of counsel. We therefore affirm Young's convictions.

──────────

3. Young suggests that the field sobriety tests and breath test were a direct result of his admission that he had consumed alcohol. However, Townsend testified that he initiated his intoxication investigation because of the smell of alcohol and Young's driving pattern.