ORME, Judge
(concurring in part and dissenting in part):
¶70 I concur in the court’s opinion—with one exception. In paragraph 34 of the lead opinion, my colleagues ably explain that appellants have not preserved for appellate review the issues identified in paragraph 33. They point out that we will not consider on appeal issues that have not been preserved, absent a demonstration of plain error or other exceptional circumstances. And they correctly conclude that the Bresees have not raised, much less have they properly briefed, a claim that the issues should nonetheless be considered under either doctrine. In my view, our discussion of these issues should end there. Instead, my colleagues go on to consider a plain error argument that the Bre-sees did not make and conclude that there was no plain error. That is, they conclude that even if there was error, it would not have been obvious to the trial court.
¶71 It may seem that I am fussing about nothing terribly important. It is, after all, only one paragraph out of sixty-nine, and my disagreement does not affect the outcome.
¶72 My concern, however, is an important institutional one. We undercut our longstanding insistence about the importance of preserving issues for appeal,[8] and our resolve to resort to the plain error doctrine only when it has been raised and briefed in timely and adequate fashion,[9] if we will nonetheless go *557 ahead and consider, on our own initiative, the possibility that plain error might have occurred.[10] For that reason, I dissent from paragraph 35.

. See, e.g., State v. Larrabee, 2013 UT 70, ¶ 15, 321 P.3d 1136 (discussing the importance of the preservation doctrine); State v. Holgate, 2000 UT 74, ¶ 11, 10 P.3d 346 (same); State v. Lorenzo, 2015 UT App 189, ¶ 11, 358 P.3d 330 (same).

. See, e.g., Utah R. App. P. 24(a)(5)(A) ("The brief of the appellant shall contain ... citation to the record showing that the issue was preserved in the trial courtf.]”); State v. Blubaugh, 904 P.2d 688, 700-01 (Utah Ct. App. 1995) (declining to consider exceptional circumstances and plain error when the appellant has not raised them); State v. Stevenson, 884 P.2d 1287, 1292 n.8 (Utah Ct. App. 1994) (same); State v. Sepulveda, 842 P.2d 913, 917-18 (Utah Ct. App. 1992) (same). See also Utah R. App. P. 24(a)(9) (requiring appellant's brief to "includfe] the grounds for reviewing any issue not preserved in the trial court”); State v. Howell, 2016 UT App 90, ¶ 4, 374 P.3d 1032 ("[W]e have consistently refused *557 to consider arguments of plain error raised for the first time in an appellant’s reply brief,”) (alteration in original) (citation and internal quotation marks omitted); State v. Robinson, 2014 UT App 114, ¶ 12, 327 P.3d 589 ("[A] plain error argument presented for the first time in a reply brief is beyond our reach.”).

. I recognize that this is not the first time the court has given in to the temptation to consider a plain error or exceptional circumstances argument that should have been deemed foreclosed. See, e.g., Berkshires, LLC v. Sykes, 2005 UT App 536, ¶ 21, 127 P.3d 1243; State v. Gooch, 2000 UT App 374U, paras. 4-5. At least in Gooch, a twelve-paragraph memorandum decision not designated for publication, there would have been nothing to talk about had the court not dealt with the three arguments that were waived. See 2000 UT App 374U, paras. 4, 7, 10. The same, obviously, cannot be said here.